UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
AURORA ELECTRIC, INC.,

                              Plaintiff,                            19-cv-6008 (PKC)

          -against-                              OPINION AND ORDER

SIEMENS INDUSTRY, INC. and LIBERTY
MUTUAL INSURANCE COMPANY,

                             Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        A Notice of Removal was filed in this action on June 27, 2019 (Doc 1) removing it from Supreme Court, New York County, premised upon diversity jurisdiction. Plaintiff has moved to remand because not all defendants joined in removal within the statutory 30-day period and because the parties waived their right to proceed in any other forum on the record in open court before the Honorable Barry R. Ostrager, Justice of the Supreme Court.

        The removal statute, 28 USC § 1446(a) & (b), consistently has been construed to require "that *all defendants* consent to removal within the statutory thirty-day period, a requirement known as the 'rule of unanimity.'" Pietrangelo v. Alvas Corp., 686 F.3d 62, 66 (2d Cir. 2012) (emphasis added) (citing Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F.Supp. 2d 367, 383 (S.D.N.Y.2006)); Metro. Transp. Auth. v. U.S. Fid. & Guar. Co., 14 cv 9059 (PAE), 2015 WL 1730067, at *3 (S.D.N.Y. Apr. 14, 2015). The party must consent in writing "unambiguously" and failure to do so within the 30-day period is "a fatal procedural defect in the removal procedure and warrants a remand of the case." Id., 2015 WL 1730067, at 4 (citations omitted).

Although Siemens Industry, Inc. ("Siemens") and Liberty Mutual Insurance Company ("Liberty Mutual") were named in the state complaint, the Notice of Removal states that it is filed on behalf of Siemens:

> "PLEASE TAKE NOTICE that defendant SIEMENS INDUSTRY INC. ("Siemens"), by
> and through its attorneys, LITTLETON PARK JOYCE UGHETTA & KELLY LLP, hereby petitions the United States District Court for the Southern District of New York for removal of
> this case pursuant to 28 U.S.C. §§ 1441 and 1446."

It further states "Defendant Siemens by and through its undersigned counsel, states the following information and belief:" and then goes on to recite the basis for removal. At no time within the 30-day removal window did Liberty Mutual unambiguously signify in writing its joinder in the Notice of Removal.

In opposition to the motion, Siemens and Liberty Mutual, represented by the same counsel, urge that Liberty Mutual had joined in the original Notice of Removal because the notice had a signature block indicating the attorney-signor's law firm were "Attorneys for Defendants."[1] While the lawyer and firm may have been attorneys for defendants, the Notice of Removal stated that defendant Siemens was removing the action and no reference was made to consent to removal by Liberty Mutual. Defendants also rely upon an attorney-generated docket entry indicating that the removal filing was made by both defendants. Just as a Clerk's docket entry cannot alter the content of the judicial order which it purports to summarize, a docket entry cannot alter the content of the document filed by a party. It remains the case that Siemens and

---

[1] On the date the Notice of Removal was filed, a Rule 7.1, Fed. R. Civ. P., Statement was filed making the required disclosures on behalf of Siemens. Although the Siemens Rule 7.1 disclosure identified the lawyer and law firm as "Attorneys for Defendants," no such statement was filed for Liberty Mutual.[1] It would be unreasonable and absurd to read Siemens' disclosure as a disclosure also made by Liberty Mutual.

only Siemens signified its desire and intent to remove and Liberty Mutual did not do so until the 30-day period had expired.

As now Chief Judge McMahon put it in remanding a case for non-compliance with the rule of unanimity, "case law and policy converge to instruct that requirements for removal be strictly construed in the interest of states' rights and limiting federal jurisdiction." Payne v. Overhead Door Corp., 172 F. Supp. 2d 475, 477 (S.D.N.Y. 2001).

CONCLUSION

The Court finds it unnecessary to reach the question of whether the parties agreed in open court that any future dispute would be brought only in Supreme Court, New York County, before Justice Ostrager who had presided over a settlement of a prior related action. For the reasons stated, plaintiff's motion to remand (Doc 14) is GRANTED and the Clerk is directed to remand the action to Supreme Court, New York County (Index No. 653335/2019), from which it was removed.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
October 10, 2019